Filed 12/11/25  P. v. Aguirre CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B346443 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA074785) |
| v. | |
| BENNY JAVIER AGUIRRE, | |
| Defendant and Appellant. | |

THE COURT:

Benny Javier Aguirre (Aguirre) appeals from the denial of his petition for resentencing under Penal Code section 1172.6[1] for failure to make a prima facie showing.  His counsel has filed a no issue brief in accord with the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.  Aguirre's supplemental brief

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

does not argue the superior court erred in denying him relief. Instead, he seeks guidance on what he can do to secure release from his 125-year to life sentence. Since the court correctly denied relief under section 1172.6, we affirm.

## BACKGROUND

In *People v. Aguirre* (June 24, 2008, B196419), this court affirmed Aguirre's convictions for first degree murder and two counts of first degree attempted murder. All the counts were enhanced under section 12022.53, subdivision (d), for Aguirre's personal and intentional discharge of a firearm causing bodily injury or death.

Aguirre filed a petition for resentencing under section 1172.6 and a petition to recall his sentence under section 1172.1. The trial court denied the petition for recall of sentence under section 1172.1 without a hearing. It also denied the petition under section 1172.6 because Aguirre was not convicted of murder under either a felony murder theory, the natural and probable consequences doctrine or any other basis of imputed culpability. His appeal is timely.

## DISCUSSION

### I. Governing Principles

Effective January 1, 2019, the Legislature " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448, quoting Stats. 2018, ch. 1015, § 1(f).) The Legislature later expanded the law to eliminate liability for attempted murder under the natural and probable consequences doctrine as well. (See § 1172.6, subd.

2

(a); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.)  Under this framework, a person is guilty of murder only if he or she was "the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' " (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

A person convicted of murder or attempted murder under a now-invalid theory may petition the superior court under section 1172.6 to vacate the conviction and be resentenced on any remaining counts.  (§ 1172.6, subd. (a).)  In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the court may consider the record of conviction.  The bar for such a showing is " 'very low,' " and it is passed if the petitioner's allegations, taken as true, would entitle him or her to relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971–972.)  Although the court should not engage in factfinding at the prima facie stage, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

We review de novo whether the superior court properly denied a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

II.   **Analysis**

In its ruling, the superior court expressly referenced Aguirre's conviction for first degree murder and his personal use of a firearm causing the victim's death.  Moreover, the court made clear that the jury in Aguirre's case was not instructed on

felony murder, the natural and probable consequences doctrine or any other theory that could have imputed his liability for murder. Thus, the record of Aguirre's conviction establishes as a matter of law that he is not entitled to relief under section 1172.6. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 55–57.)

Neither was Aguirre entitled to have his commitment recalled under section 1172.1. Section 1172.1, subdivision (c), plainly states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Aguirre's supplemental brief documents at length his efforts at rehabilitation and his expression of remorse for his crimes. Those arguments are more suited to consideration by the Board of Parole Hearings or the Governor. (See § 3041; see also Cal. Const., art. V, § 8.)

## DISPOSITION

The order is affirmed.
<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
LUI, P. J.                    RICHARDSON, J.            SIGGINS, J.*

---

\*       Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4